IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Thomas Raiford,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) 1:20cv687 (RDA/IDD)<br>) |
| Lieutenant Branch, et al.,<br>    Defendants. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Thomas Raiford ("Plaintiff"), a Virginia inmate proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges two related Eighth Amendment violations. [Dkt. No. 1]. The first, that Defendant Garrett violated his Eight Amendment rights by using excessive force against him when Garrett kicked a food tray slot up (twice) that injured Plaintiff's harm. The second, that Defendants Garrett and Branch each violated his right to adequate medical care by delaying his treatment for the injury to his arm inflicted by Defendant Garrett's actions. The defendants have each filed a motion to dismiss with a supporting brief. [Dkt. Nos. 20, 21, 29, 30]. Plaintiff has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. Nos. 20, 29], but he has not responded. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the defendant's motion shall be granted.

**I. The Complaint**

Plaintiff was incarcerated at Sussex II State Prison ("Sussex II") at the time of the alleged incident [Dkt. 1 at ¶ 5] and is currently incarcerated at Buckingham Correctional Center. Plaintiff alleges that on June 24, 2019, Defendant Garrett was serving the dinner trays to the inmates in Plaintiff's pod [Dkt. 1 at ¶ 8], and after Garrett had opened the food tray slot in Plaintiff's cell

door, Garrett was called to the control booth. [Dkt. 1 at ¶ 9]. Plaintiff alleges that Garrett left Plaintiff's tray slot open with the food cart just outside his cell. [Dkt. 1 at ¶ 10]. Plaintiff reached his right arm through the tray slot after Garrett left. [Dkt. at ¶ 12]. Garrett returned at about 4:50 p.m. and "stated, 'I'm going to teach you about ... stealing trays" and then kicked up the tray slot onto Plaintiff's arm. [Dkt. at ¶¶ 11-12]. Plaintiff alleges he suffered a one-inch laceration to his forearm as a result of Garrett kicking the food tray door slot. [Dkt. 1 at ¶¶ 12, 21]. Plaintiff alleges that Garrett walked away when he asked Garrett to send him to medical for treatment. [Dkt. 1 at ¶ 13].

Around 8:00 p.m., another correctional officer called medical and gave Plaintiff two Emergency Grievance forms to complete. [Dkt. at ¶¶ 17-19]. At about 8:30 p.m., Plaintiff gave the Emergency Grievances (Log No. 132930 & 202740) to the Floor Officer. [Dkt. 1 at ¶ 19]. According to Exhibits I & J to the Complaint, Nurse Carwile responded to both grievances at 10:20 p.m., stating that Plaintiff's "grievance d[id] not meet the definition for an emergency," but that he would "be seen in Medical." [Dkt. 1-1 at 13-15].

Plaintiff was treated for the one-inch laceration to his arm at approximately 1:00 a.m. on June 25, 2019, about eight hours after the incident. [Dkt. 1 at ¶ 21]. Plaintiff's Exhibit K indicates Plaintiff's wound was cleansed, and he was given topical ointment and two band-aids. [Dkt. 1-1 at 15].

## II. Standard of Review

A motion to dismiss tests whether a complaint states a cause of action upon which relief can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar standard... under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be

dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss under Rule 12(b)(6) tests whether a complaint states a cause of action upon which relief can be granted. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A claim is plausible if the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556); see also Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009). Although the Court must accept the plaintiff's factual allegations as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Twombly, 550 U.S. at 570.

A claim for denial of medical care in violation of the Eighth Amendment must allege facts sufficient to demonstrate that (1) the plaintiff had a serious medical need, and (2) the defendant was deliberately indifferent to this serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). "A 'serious medical need' is a condition 'diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Depaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (quoting Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017)). To establish deliberate indifference, the plaintiff must show that the defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Where a complaint is filed by a prisoner acting pro se, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519, (1972). A pro se litigant is therefore not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's "power to summarily dismiss a prisoner's pro se complaint is limited." Figgins, 584 F.2d at 1347.

### III. Analysis

A medical need is serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citation and quotation omitted); see also Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (to merit Constitutional protection, the medical need must present "a condition of urgency, one that may produce death, degeneration, or extreme pain"); Sloane v. Borawski, 64 F. Supp. 3d 473, 494 (W.D.N.Y. 2014) (holding that a two-and-a-half-inch laceration along with another laceration and abrasion, "did not, as a matter law, rise to the level of a 'serious medical condition' warranting Eighth Amendment protection").

Here, Plaintiff alleges he suffered a one-inch laceration on his forearm and swelling around the injury at approximately 4:50 p.m. At 10:20 p.m., medical staff evaluated Plaintiff's grievance and determined that it was not an emergency. Less than three hours later, at 1:00 a.m., Plaintiff's laceration was cleansed, and treated by the application of ointment and two band-aids.

Neither his allegations nor exhibits give any support that his injury was sufficient to constitute a serious medical need.

Further, Plaintiff's claim is predicated on a delay in medical care, but "there is no Eighth Amendment violation unless the delay results in some substantial harm to the patient, such as a marked exacerbation of the prisoner's medical condition or frequent complaints of severe medical pain." Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018); see also Martin v. Gentile, 849 F.2d 863, 871-72 (4th Cir. 1988) (a 14-hour delay did not amount to deliberate indifference where the injuries consisted of a cut over one eye, a quarter-inch piece of glass embedded in the palm, and bruises on plaintiff's shoulders and elbows). Plaintiff's one-inch laceration with swelling was minor, and as noted, required only cleansing and the application of ointment and two band-aids. The eight-hour delay between the incident and Plaintiff's treatment did not markedly exacerbate his medical condition. Accordingly, it is hereby

ORDERED that the Defendants' motions to dismiss [Dkt. Nos. 20, 29] are GRANTED.

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of Defendants Garrett and Branch; to send a copy of this Memorandum Opinion and Order to plaintiff pro se and to counsel of record for defendant; and to close this civil action.

Entered this 8th day of September 2021.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

5